BENJAMIN DOW *vs.* JESSE BULLOCK.

Under the Rev. Sts. *c.* 15, § 33, and *c.* 28, § 141, a surveyor of lumber holds his office until another is chosen and qualified in his stead.

ACTION OF CONTRACT upon a promissory note, dated February 1st 1856. Answer, that the consideration was illegal and void, being lumber brought into the town of Haverhill by water, not intended for exportation, and sold without being first surveyed, marked and numbered as required by statute.

At the trial in the court of common pleas in Essex, before *Mellen,* C. J., it appeared that the note was given in payment for lumber brought into the Commonwealth by water; and in order to show that it was duly surveyed, the plaintiff testified " that he, acting in the capacity of surveyor, and supposing himself to be qualified in that office according to law, did survey, mark and number the lumber as the law requires," and introduced other evidence that he had repeatedly acted in the capacity of a legally qualified surveyor during the year commencing in March 1855.

To show that the plaintiff was never qualified as surveyor, the defendant introduced the records of the town of Haverhill, by which it appeared that the plaintiff was chosen and qualified as surveyor of lumber in March 1854; was again chosen in March 1855, but there was no record of his being sworn for that year; and was again chosen and sworn for the year commencing in March 1856.

The plaintiff requested the judge to instruct the jury, among

other things, " that he, having been sworn into the office of surveyor in March 1854, and the term of his office, under Rev. Sts. *c.* 28, § 141, being for one year and until his successor was chosen, and he having been chosen again for the subsequent year, his former qualification might be taken to extend over the subsequent term, so as to render legal any acts done by him in good faith and in discharge of what he supposed to be his offi cial duties."

But the presiding judge refused to give this instruction, and did instruct the jury " that if it should appear upon the evidence that the lumber was not surveyed, marked and numbered by a surveyor duly qualified, there was no sufficient survey, notwithstanding the party surveying supposed himself to be a duly qualified surveyor, and supposed himself to be acting in the discharge of his official duties, and notwithstanding he had been a duly qualified surveyor the year previous, and was again chosen for the year 1855, when the boards were sold, and notwithstanding he had repeatedly acted in good faith in the capacity of surveyor."

The jury found a verdict for the defendant, and the plaintiff alleged exceptions, which were argued at Boston in January 1859.

*W. C. Endicott,* for the plaintiff, cited Rev. Sts. *c.* 15, § 33; *c.* 28, §§ 39, 40, 54, 57, 68, 141; *c.* 24; §§ 23, 27; *Williams* v. *School District in Lunenburg,* 21 Pick. 75; *School District in Stoughton* v. *Atherton,* 12 Met. 105; *Colman* v. *Anderson,* 10 Mass. 113; *Margate Pier* v. *Hannam,* 3 B. & Ald. 269.

*W. D. Northend,* for the defendant. No action lies on a note, the consideration of which was lumber brought into the State by water and not surveyed here according to statute. Rev. Sts. *c.* 28, § 154. *Wheeler* v. *Russell,* 17 Mass. 258. 2 Parsons on Con. 252. A surveyor is not duly qualified until he has been sworn. Rev. Sts. *c.* 15, § 40. *Colburn* v. *Ellis,* 5 Mass. 427. His supposing that he was duly qualified is no excuse for his neglect to take the oath.

The statute contemplates that a surveyor shall be disinterested; and if a person, duly qualified to act as surveyor, can

make a legal survey of his own lumber, any omission in his qualification should be regarded with jealousy.

An individual is not required to hold an office in the same town two successive years, and if a person is chosen and not sworn, the presumption is that he has declined. Rev. Sts. *c.* 15, § 43.

DEWEY, J. The office of surveyor of lumber was, under the provisions of the Rev. Sts. *c.* 15, § 33, a continuing one until another person was chosen and qualified in place of the incumbent. Although the law prescribes an annual election, the office does not necessarily expire on the day of the annual election. The plaintiff was duly elected and qualified as such surveyor in the year 1854, and by virtue of the election was competent to act in 1855, if no other person had succeeded to his place. If it be said that the Rev. Sts. *c.* 28, § 141, only continue his office until another is " chosen," it may be replied that impliedly it excludes the oath also as a necessary qualification for the office, and thus the plaintiff could have been well appointed as surveyor in 1855 ; but we think this latter provision does not change *c.* 15, § 33, in either respect. We are therefore of opinion that the plaintiff was legally holding the office in 1855 under his election in 1854.

There is nothing in the case to show that there was any other person chosen as surveyor of lumber in 1854 or in 1855, and it appears that the plaintiff was himself in fact rechosen in 1856, and the case is therefore free from any embarrassment of deciding who was his successor. The decision of the present case only requires us to apply the principle of holding over by a legal incumbent to the next succeeding political year. For some period of that year he was certainly entitled to hold over, under the ordinary and well understood practice of holding over during the time elapsing between the choice, and the taking of the oath of office.

Without expressing any opinion beyond the question arising upon the present facts, the court are of opinion that the plaintiff was in February 1856 a legal surveyor of lumber, and as such competent to act                              *Exceptions sustained.*